UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Judgment Creditor,

    v.                                            22 CR 350 (ALC)

JOSHUA STREIT,

                Judgment Debtor,
    and

THE VANGUARD GROUP, INC.,

                Third-Party Respondent.

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE GOVERNMENT'S MOTION FOR TURNOVER ORDER**

                                                  JAY CLAYTON
                                                  United States Attorney for the
                                                  Southern District of New York
                                                  86 Chambers Street, Third Floor
                                                  New York, New York 10007
                                                  Telephone: (212) 637-2711
                                                  Email:  melissa.childs@usdoj.gov

Of Counsel:

MELISSA A. CHILDS
Assistant United States Attorney

## PRELIMINARY STATEMENT

The United States ("the Government") moves, with notice to the judgment debtor, JOSHUA STREIT, for entry of a turnover order, pursuant to 18 U.S.C. §§ 3613, 3664(m), Federal Rule of Civil Procedure 69(a)(1), and N.Y. CPLR § 5225(b), directing third-party respondent, THE VANGUARD GROUP, INC. ("Vanguard"), to liquidate securities as needed to submit the full liquidated value of Streit's nonexempt funds to the Clerk of Court toward his restitution debt.

## BACKGROUND

Streit pled guilty to computer fraud for years of obtaining unauthorized access to the online accounts of users of a website belonging to Major League Baseball and using such access to conduct illegal streaming of sporting events that he sold to others for a profit in violation of 18 U.S.C. §§ 1030(a)(2), (c)(2)(B)(i), and (c)(2)(B)(iii). *See* Information (Dkt. 12). On March 16, 2023, the Court sentenced Streit to 36 months of imprisonment and ordered him to pay a $100 special assessment and $2,995,272.64 restitution. *See* Restitution Order (Dkt. 31) and Judgment (Dkt. 32). To date, Streit has paid the $100 special assessment and only $2,208.70 of his restitution debt. *See* Declaration (Dkt. 49, ¶ 5). The outstanding balance, including accrued interest, is currently $3,323,488.36. *Id.*

To secure its interest in Streit's substantial nonexempt personal property, on February 5, 2025, the Government served a N.Y. CPLR § 5222 Restraining Notice on Vanguard, which answered that it holds approximately $64,606 in an account number ending in 5861 belonging to Streit. *Id.* at ¶¶ 6-7. After confirming that Vanguard withheld Streit's account pursuant to the restraining notice, the Government sent a copy of the notice to Streit. *Id.* at ¶ 8. The exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613(a) are listed in the restraining notice that Vanguard and Streit received. Decl., ¶ 9. To date, the Government has

not received any claim of exemption made by or on behalf of Streit regarding the funds held by Vanguard. *Id.* at ¶ 10.

To comply with the Crime Victim Rights Act ("CVRA"), the Government will notify the victim of this motion so it may be heard before the Court enters a dispositive order that affects its right to full and timely restitution as provided in law. *See* 18 U.S.C. § 3771(a).

## ARGUMENT

The requested turnover order should be granted because the CVRA requires the Government and the Court to afford the victim's right to full and timely restitution as provided in law, 18 U.S.C. §§ 3771(a)(6), (b)(1), (c)(1). The law provides that restitution shall be paid in the shortest time in which full payment can be reasonably made, 18 U.S.C. §§ 3664(f)(2); 3572(d)(2), and that the Government may use all available and reasonable means to ensure that criminal judgment debtors satisfy restitution to victims, 18 U.S.C. § 3664(m)(1)(A).

### A. Criminal debts are enforced by civil remedies.

The Mandatory Victim Restitution Act ("MVRA") requires courts to order criminal defendants to pay restitution to their victims. 18 U.S.C. §§ 3663A-3664. Restitution to victims is a mandatory component of the sentence for certain crimes, including Title 18 offenses against property and any offense committed by fraud or deceit. *See id.* §§ 3663A(a)(1), (c)(1)(A)(ii); *United States v. Walker*, 353 F.3d 130, 132-33 (2d Cir. 2003). Further, the MVRA expressly authorizes the Government to collect restitution "by all . . . available and reasonable means," *id.* § 3664(m)(1)(A), including "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," *id.* §§ 3613(a), (f).

Civil enforcement remedies may be used for collection within the criminal case in which the defendant was originally convicted. *United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015) ("nothing precludes the government from initiating a collection proceeding under an existing

criminal docket number in order to collect a fine or restitution ordered as part of the criminal sentence."). The Government may also exercise long-arm jurisdiction and nationwide enforcement power to collect judgments. 28 U.S.C. §§ 2413 and 3004(b); *United States v. Febre*, 978 F.2d 1262, n.2 (7th Cir. 1992); and *United States v. Lazorwitz*, 411 F. Supp. 2d 634 (E.D.N.C. 2005) (holding garnishment was properly filed in North Carolina, even though debtor resided in Texas, and garnishee was located and served in New York). Federal Rule of Civil Procedure 69(a)(1) provides

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution— and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies

Fed. R. Civ. P. 69(a)(1).

Article 52 of the CPLR provides remedies for enforcing money judgments under New York law. *United States v. Ceparano*, No. 98 CR 0922 (ADS), 2009 WL 8690129, at *2 (E.D.N.Y., May 13, 2009) (holding 18 U.S.C. § 3613 allows the Government to use the civil enforcement procedures found in Article 52 of the New York Civil Practice Law and Rules ("CPLR") to enforce federal criminal judgments). Pursuant to N.Y. CPLR § 5222, a restraining notice prohibits the sale, assignment, or transfer of monies belonging to a judgment debtor. Further, N.Y. CPLR § 5225(b) provides for the turnover funds through a "special proceeding" against a third party who is "in possession or custody of money or other personal property in which the judgment debtor has an interest." Yet because there is no analogous provision for a special proceeding or turnover order in the FDCPA, 28 U.S.C. §§ 3001-3308, the Government may seek a turnover order against a third-party respondent by motion under Rule 69(a). *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469-70 (2d Cir. 2018) (affirming judgment creditor obtaining turnover order

by motion, rather than commencing a special proceeding, as long as the court has personal jurisdiction over the garnishee). To obtain a turnover order, a judgment creditor must show that: (1) the judgment debtor has an interest in the property attached or sought; *and* (2) *either* the judgment debtor is entitled to possession of such property *or* the judgment creditor's rights to the property are superior to those of the third party holding the property. *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991).

Here, the Court should enter a turnover order because it has jurisdiction over Vanguard,[1] which holds nonexempt funds for Streit's account number ending in 5861, and by virtue of its statutory lien, the Government may step into Streit's shoes to elect to withdraw funds to pay his debt.

**B. Immediate turnover of the debtor's nonexempt property is proper.**

Notwithstanding any other law, Streit's restitution may be paid from funds in his Vanguard account number ending in 5861 in which he has a substantial nonexempt interest. *See* 18 U.S.C. § 3613(a) (listing exclusive, limited exemptions); *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (holding that "the only property exempt from [§ 3613] is that which the government could not reach for the payment of federal income taxes."); *United States v. Jaffe*, 417 F.3d 259, 265 (2d Cir. 2005) (same). Just as the Internal Revenue Service does in tax cases, when enforcing criminal debts, the Government may step into the shoes of the debtor and exercise his rights to nonexempt

---

[1] New York law provides for specific long-arm jurisdiction in post-judgment collections. *See* N.Y. CPLR § 302(a)(1); *Fabric Selection, Inc. v. A & T Trading US, Inc.*, No. 20 Misc. 864 (ARR)(VMS), 2021 WL 811371, at * 4-5 (E.D.N.Y., Feb. 5, 2021) (report and recommendation for entry of turnover of funds held by bank neither incorporated in New York nor with its principal place of business in New York, as bank offering its services to New York customers had "purposefully availed itself" of jurisdiction in New York, and motion for turnover of funds from account of the judgment debtor had a substantial relationship to bank's business of operating and maintaining accounts in New York). Vanguard is a Pennsylvania corporation and a dual-registered broker-dealer and investment adviser that routinely does business on the New York Stock Exchange ("NYSE") in this district as a manager of various funds, including those of the judgment debtor.

property. *United States v. National Bank of Commerce,* 472 U.S. 713, 725 (1985); 18 U.S.C. § 3613(c) (the criminal judgment lien functions the same as lien imposed "for a tax assessed under the Internal Revenue Code"); *Kane v. Capital Guardian Trust Co.,* 145 F.3d 1218, 1221 (10th Cir. 1998) (citing cases). The Government acquires whatever rights the debtor possesses, including even the unelected right to withdraw funds from accounts or to convert accounts to cash. *Id.* at 1222-23. Accordingly, the Government seeks to exercise Streit' right to access the nonexempt funds held in the Vanguard account number ending in 5861 to make a payment toward the restitution owed to the victim of his crime.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter a turnover order directing Vanguard to liquidate securities as needed to pay the full liquidated value of Streit's nonexempt funds to the Clerk of Court toward his restitution debt.

Dated: New York, New York
September 19, 2025

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    */s/ Melissa A. Childs*
MELISSA A. CHILDS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2711
E-mail: melissa.childs@usdoj.gov